IN THE
TENTH COURT OF APPEALS
 

No. 10-98-284-CR

Â Â Â Â Â KEVIN LEWIS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 278th District Court
Leon County, Texas
Trial Court # 8099-B
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Kevin Lewis was adjudicated guilty of burglary on July 17, 1998. He filed a pro se notice
of appeal on August 18.
Â Â Â Â Â Â A timely notice of appeal is necessary to invoke a court of appeal's jurisdiction. Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). To be timely, a notice of appeal must be
filed within thirty days after the sentence is imposed, or within ninety days if a timely motion for
new trial is filed. See Tex. R. App. P. 26.2. There is no motion for new trial in the clerkâs
record; consequently, Lewisâ notice of appeal was due on or before August 16, 1998.
Â Â Â Â Â Â Provision is made in the appellate rules for the untimely filing of a notice of appeal. Rule
26.3 allows the appellate court to extend the time for an appellant to file a notice of appeal if,
within fifteen days after the deadline for filing the notice of appeal, the party files the notice of
appeal and a motion requesting an extension of time to file the notice. Tex. R. App. P. 26.3. Â Â Â Â Â Â Without a timely filed notice of appeal, or a timely filed motion to extend the time to file a
notice of appeal, the appellate court has no jurisdiction over an appeal. Olivo, 918 S.W.2d at 522-23. Lewisâ notice of appeal was due on August 16, 1998, but was filed on August 18. He failed
to file a motion to extend time. Thus, his notice of appeal is untimely. This court has no
jurisdiction over his appeal, and it must be dismissed.
Â Â Â Â Â Â The cause is dismissed for want of jurisdiction.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Â 
Before Chief Justice Davis,
Â Â Â Â Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Â Â Â Â Justice Gray
Dismissed
Opinion delivered and filed March 3, 1999
Do not publish



in-bottom:0in;
margin-left:.75in;margin-bottom:.0001pt;text-align:justify;text-indent:-.25in'>10.Â 
Volume 41 of 48 
Guilt/Innocence - of the Statement of Facts from the jury trial in Cause No.
28,165 from September 19-November 1, 1994;

Â 

11.Â 
Volume 42 of 48 Â
Guilt/Innocence - of the Statement of Facts from the jury trial in Cause No.
28,165 from September 19-November 1, 1994;

Â 

12.Â 
Volume 43 of 48 Â Punishment -
of the Statement of Facts from the jury trial in Cause No. 28,165 from
September 19-November 1, 1994;

Â 

13.Â 
Volume 44 of 48 Â Punishment -
of the Statement of Facts from the jury trial in Cause No. 28,165 from
September 19-November 1, 1994; and

Â 

14.Â 
Volume 45 of 48 Â Motion for
New Trial - of the Statement of Facts from the jury trial in Cause No. 28,165
from September 19-November 1, 1994.

Â 

Â Â Â Â Â Â Â Â Â Â Â  In a July 30 letter, we ordered the
parties to advise us by August 6 why this supplemental clerkÂs record should be
filed in this cause.Â  The State responded:

Â Â Â Â Â Â Â Â Â Â Â  The State requested the supplement of
the record. . . .Â  It is believed by the State that the trial record is
important to the Court of Appeals in analyzing the applicantÂs due process and
due course of law complaints. . . .

Â 

Â Â Â Â Â Â Â Â Â Â Â  In other words, the State believes the
trial record is important for the Court to resolve the applicantÂs due process
claim.

Â 

Graves
responded and requested that we file the supplemental clerkÂs record,
asserting:

Â Â Â Â Â Â Â Â Â Â Â  The Court should consider the
supplemental clerkÂs record because it shows that at GravesÂ first trial the
State intentionally used perjured testimony to avoid a likely acquittal, and
that Double Jeopardy has attached.

Â 

Graves then
quotes from the supplemental clerkÂs record testimony that supports his
assertion.Â  The StateÂs Brief, GravesÂ Reply Brief, and GravesÂ Surreply Brief
all cite to and quote from the supplemental clerkÂs record.Â  Also, in his
petition for writ of habeas corpus, Graves requested the trial court to take
judicial notice of all the proceedings in the cause and in both the state and
federal writ proceedings.

Â Â Â Â Â Â Â Â Â Â Â  Based on the foregoing, we order the
Clerk of this Court to file the proposed supplemental clerkÂs record.Â  See
Tex. R. App. P. 34.5(c)(1, 3).

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PER
CURIAM

Â 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Â Â Â Â Â Â Â Â Â Â Â  (Chief
Justice Gray dissenting)

Order issued and filed
October 15, 2008

Do not publish